# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

Name _Willie Henry Fedrick Jr._

Prison Number _AIS# 240377_

Place of Confinement _Frank Lee Youth Center P.O. Box 220410 Deatsville Al. 36022-0410_

Action No. _05 - 419 - BH - M_

(To be supplied by Clerk of U. S. District Court)

_____Willie Henry Fedrick Jr._____ (PETITIONER)

(Full name under which you were convicted)

v.

_____State of Alabama E.T. AL._____ (RESPONDENT)

(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

## PETITION FOR WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

### Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

Even if the court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $5.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be

**Revised 10/6/04**

required to pay an amount, based on your assets, of up to the greater of 20% of your average monthly balance in your prison account, or your average monthly balance for six months immediately preceding the filing of your petition. Thereafter, your prison account will be garnished at the rate of 20% of your monthly income until the filing fee is paid.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You must immediately advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack:  Circuit Court of

_Houston_____ County, Alabama; Case Number _CC-99-1623.60_ ;

Judge _Edward Jackson_____. Other court, and case number, if not Circuit Court:

_____.

2. Date of judgment of conviction _____

3. Length of sentence _____

4. Nature of offense involved (all counts) _Possession of Marijuana First Degree_____

_____

_____

_____

5. What was your plea? (Check one)

    (a) Not guilty _____ 1st Pleas

    (b) Guilty _____✓_____

    (c) Nolo contendere _____

6. Kind of trial: (Check one)

    (a) Jury _____

    (b) Judge only ____✓_____

7. Did you testify at the trial? Yes _____ No ___✓_____

8. Did you appeal from the judgment of conviction? Yes _____ No _____

9. If you did not appeal, explain briefly why you did not: _____

_____

_____

10. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

    (d) Did you file a petition for rehearing? Yes _____ No ___✓___; if yes, what was the result?

    _____

    _____

    When did the court rule on your petition? _____

    (e) Did you file a petition for certiorari? Yes _____ No ___✓___; if yes, what was the result?

    _____

    _____

**Revised 10/6/04**

When did the court rule on your petition? _____

11.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?

Yes _____✓_____     No _____

12.     If your answer to 11. was "yes," give the following information:

(a)(1)  Name of court  _Circuit_____     Date filed _Jan. 6, 2005__

(2)  Nature of proceeding (Rule 32, Rule 20, etc.) _Habeas Corpus_____

_____

(3)  Grounds raised _Double Jeopardy; Sentence has expired and the_ _petitioner is still in custody._____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____     No ___✓_____

(5)  Result ___(March 2005)_____

(6)  Date of result _____

(b)  As to any second petition, application or motion, give the same information:

(1)  Name of court _____     Date filed _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____ Date filed _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc.    Yes _____ No _____

Date filed _____ Result _____

Date of result _____

(2) Second petition, etc.  Yes _____ No _____

Date filed _____ Result _____

Date of result _____

(3) Third petition, etc.  Yes _____ No _____

Date filed _____ Result _____

**Revised 10/6/04**                               5



Date of result _____

     (e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

13. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

     Caution: In order to proceed in the federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

     For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

     <u>Do not check</u> any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

     (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

     (b) Conviction obtained by use of coerced confession.

     (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

     (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

     (e) Conviction obtained by a violation of the privilege against self-incrimination.

     (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

     (g) Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one: The petitioner is being held in custody after his conviction and sentence has expired.

    1.  Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

    See Attached papers.

    2.  Did you raise this claim before the state courts on:

    Direct appeal:  Yes _____  No ✓

    Rule 20/32 Petition:  Yes ✓  No _____

    Error Coram Nobis:  Yes ✓  No _____

    State Habeas Corpus:  Yes _____  No ✓

    3.  If you did not raise this claim before the state courts, tell why you did not: _____

B.  Ground two: _____

    1.  Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

2. Did you raise this claim before the state courts on:

Direct appeal:  Yes _____  No _____

Rule 20/32 Petition:  Yes _____  No _____

Error Coram Nobis:  Yes _____  No _____

State Habeas Corpus:  Yes _____  No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

C. Ground three _____

_____

1. Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

2. Did you raise this claim before the state courts on:

Direct appeal:  Yes _____  No _____

Rule 20/32 Petition:  Yes _____  No _____

Error Coram Nobis:  Yes _____  No _____

State Habeas Corpus:  Yes _____  No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

D. Ground four: _____

_____

     1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

          _____

          _____

     2. Did you raise this claim before the state courts on:

     Direct appeal:  Yes _____   No _____

     Rule 20/32 Petition:  Yes _____   No _____

     Error Coram Nobis:  Yes _____   No _____

     State Habeas Corpus:  Yes _____   No _____

     3. If you did not raise this claim before the state courts, tell why you did not: _____

          _____

          _____

          _____

14. A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in

any other <u>federal</u> habeas corpus petition?  Yes _____   No __✓__.

If yes, which grounds? _____

_____

State the name and case number of your previous federal habeas corpus petition: _____

_____

     B. Have you previously filed a habeas corpus petition attacking this present conviction in this or

any other federal court?  Yes _____   No __✓__. If yes, state the name and case number of your previous

federal habeas corpus petition: _____

**Revised 10/6/04**                    9

_____

_____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No __✓__. If yes, name the court:_____

_____

and state the name and case number of the petition or appeal: _____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _____ No __✓__

**Revised 10/6/04**                                    10

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____ No ✓

    (a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

    (b) And give date and length of sentence to be served in the future: _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____ No ✓

19.     TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

    **(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –**

        **(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

        **(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;**

        **(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

        **(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

    **(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.**

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Revised 10/6/04**

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

_____

Typed or printed name of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed and delivered to custodial authorities for mailing on _____

_____ July 13 2005 _____.

(date)

Willie D. Dedrick Jr.  AIS # 240377

Signature of Petitioner

Frank Lee Youth Center

Current mailing address

P.O. Box 220410

Deatsville, Al. 36022-0410

ACR359

ALABAMA JUDICIAL DATA CENTER
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

*Amended*

CC 1999 001623.00 01
SIDNEY E. JACKSON

```
| CIRCUIT COURT OF HOUSTON COUNTY          COURT ORI: 038015 J
|------------------------------------------------------------------
| STATE OF ALABAMA      VS.            DC NO: DC 1999 001319.00
| FEDRICK WILLIE HENRY      ALIAS:     G J: 0000000114
| C/O HOUSTON COUNTY JAIL   ALIAS:     SSN: 419067078
| 164 N OATES STREET                   SID: 000000000
| DOTHAN  AL  36303                    AIS:
|------------------------------------------------------------------
| DOB: 06/28/1965   SEX: M   HT: 5 10   WT: 150  HAIR: BLK   EYE: BRO
| RACE: ( )W (X)B ( )O  COMPLEXION:     AGE:     FEATURES:
|------------------------------------------------------------------
| DATE OFFENSE: 05/23/1999  ARREST DATE: 05/23/1999  ARREST ORI: 0380100
|------------------------------------------------------------------
| CHARGES @ CONV   CITES          CT CL COURT ACTION       CA DATE
| POSS MARIJUANA 1ST 13A-012-213  01 C  GUILTY PLEA        02/15/2000
|                                  0                       00/00/0000
|                                  0                       00/00/0000
|------------------------------------------------------------------
| JUDGE: SIDNEY E. JACKSON        PROSECUTOR: BINFORD HENRY D
|------------------------------------------------------------------
| PROBATION APPLIED   GRANTED  DATE    REARRESTED DATE  REVOKED  DATE
| (X)Y( )N 2-15-00  ( )Y()N 3-9-00  ( )Y( )N        (X)Y( )N 10232002
|------------------------------------------------------------------
| 15-18-8, CODE OF ALA 1975  IMPOSED   SUSPENDED   TOTAL    JAIL CREDIT
| ( )Y (X)N  CONFINEMENT: 03 00 000  00 00 000  03 00 000  00 00 117
|            PROBATION  : 00 00 000             00 00 000
| DATE SENTENCED: 02/15/2000   SENTENCE BEGINS: 11/24/2004
|------------------------------------------------------------------
| PROVISIONS              COSTS/RESTITUTION       DUE        ORDERED
|
|   PENITENTIARY          RESTITUTION          $0.00        $0.00
|   DOC/SAPP PGM          ATTORNEY FEE         $0.00        $0.00
|                         CRIME VICTIMS       $50.00       $50.00
|                         COST               $362.00      $362.00
|                         FINE               $100.00      $100.00
|                         MUNICIPAL FEES       $0.00        $0.00
|                         DRUG FEES           $60.00       $60.00
|                         ADDTL DEFENDANT      $0.00        $0.00
|                         DA FEES              $0.00        $0.00
|                         COLLECTION ACCT      $0.00        $0.00
|                         JAIL FEES            $0.00        $0.00
|
|                         TOTAL              $572.00      $572.00
|------------------------------------------------------------------
| APPEAL DATE      SUSPENDED        AFFIRMED           REARREST
| (X)Y( )N 03/14/2000 ( )Y( )N ------ ( )Y( )N 11-13-00  ( )Y( )N 2-11-02
|   APPEAL DISP: U -- UPHELD          DISPOSED DATE: 11/13/2000
|------------------------------------------------------------------
| REMARKS:
|                                  THIS IS TO CERTIFY THAT THE
|                                  ABOVE INFORMATION WAS EXTRACTED
|                                  FROM OFFICIAL COURT RECORDS
| AMENDED TO ADD SENTENCING DATE. DEFT TO COMPLETE SAPP PROGRAM
|                                  AND IS TRUE AND CORRECT.
|
|                                  JUDGE BYRD
|                                  04/21/2005
```

OPERATOR: RHM
PREPARED: 04/21/2005

95902

STATE OF ALABAMA,                §              IN THE CIRCUIT COURT OF

Plaintiff                        §

vs.                              §              Houston      COUNTY,

Fedrick, Willie                  §              ALABAMA, SITTING IN PROBATION

Defendant                        §

                                 §              CC   1999-1623, 1999-653

TO ANY SHERIFF OR OTHER LAWFUL ARRESTING OFFICER OF THE STATE OF   ALABAMA :

It appearing to the satisfaction of the Court that, by an Order of the Court made and entered on

the   8th   day of   January, 2002    the sentence of   12 months, 3 years   to the state penitentiary for

Criminal Trespass I
Possession of Marijuana I   therefore imposed by the Court on the aforesaid   Willie Fedrick   as

suspended and the said   Willie Fedrick   was placed on probation for   3 years   and;

It further appearing to the Court from the delinquency report filed with the Court by   Matthew Wade

Probation Officer of the State of Alabama having the supervision of the said   Willie Fedrick   that   he ,

the said   Willie Fedrick   has violated the terms and provisions of aforesaid order placing   him ,

the said   Willie Fedrick   on probation;

THEREFORE, you are hereby commanded to arrest the aforesaid   Willie Fedrick   and

bring _____ before the Court in Chambers at   Dothan  , Alabama, for the purpose of determining whether

or not the aforesaid Order of the Court suspending the sentence of said   Willie Fedrick   by arresting   him  on probation should be revoked.

Executed the within ORDER by arresting
WILLIE FEDRICK and
Taking Appearance Bond Committing Defendant
to Jail This 11 day of FEB 20 02

DONE this the   8th   day of   January  , 20 02    LAMAR GLOVER , Sheriff

By BILL RAFFERTY , D.S.

DESC.

RACE: B   SEX: M
HT: 5'10"    WT:150
DOB: 06-28-65

EDWARD JACKSON
JUDGE, CIRCUIT COURT OF HOUSTON COUNTY,
ALABAMA, SITTING IN PROBATION

NCIC

State of Alabama
Unified Judicial System

# ORDER OF PROBATION

Form C-53   Rev. 2/81

Case Number
CC 99 1623
CC 99 653

ID   YR   Number

IN THE _____ *Circuit* _____ COURT OF _____ *Houston* _____ COUNTY

STATE OF ALABAMA          vs.   *Willie Henry Fedrick*

It appears to the Court the above named defendant has

☒ (plead guilty ~~and been convicted~~) of the

☐ has been adjudicated a Youthful Offender for the underlying

offense of _____ *Poss. of Marijuana + Criminal Trespass, 1st   12 months   CC w/ CC99 1623* _____
and has been sentenced to _____ *3 yrs   $100.00 fine $50.00 VC   $100.00 fine $50.00 VC* _____

The defendant having applied for the benefits of probation within one day after sentence and the Court having examined the cause, it is ORDERED, ADJUDGED, and DECREED that the said sentence is hereby suspended and that the said defendant is probationed on this date for a period of *3 yrs fls*

It is the order of the Court that the probationer comply with the following general and special conditions of probation:

*6 months Ho. Co. jail*

Do not violate any Federal, State, or local law.
Avoid injurious or vicious habits.
Avoid persons or places of disreputable or harmful character.
Report to the Probation Officer as directed.
Permit the Probation Officer to visit him at his home or elsewhere.
Work faithfully at suitable employment as far as possible.
Remain within a specified place to-wit: _____ *462 Mona Dr. Apt. 1, Dothan al.* _____ *36303*
Support his dependants to the best of his ability.
Do not change residence or employment without the consent of the Probation Officer.
Pay to the Probation Officer $20.00 per month during the probation period, pursuant to Section 15-22-2, *Code of Alabama*, 1975.

It is further ordered by the Court that the defendant pay the fine of $ _____ *see To.* _____ and/or the costs of
$ _____ *0* _____ in the following manner: _____

(This paragraph applicable only if fine or costs imposed)

Other special conditions ordered by the Court are as follows: _____

It is the further order of the Court and the defendant is hereby advised that the Court may at any time revoke or modify any conditions of this probation or change the period of probation and may discharge defendant from probation or extend the period of probation. The probationer shall be subject to arrest for violation of any condition of the probation herein granted. The Court may, at any time, for cause, order the original sentence executed.

Ordered at _____ *Dothan* _____, Alabama, this (Date) *3/14/00*

Judge _____

*(3-21-2000 unof PO)*

A copy of this order has been delivered to the probationer, who has been instructed regarding same this (date) _____

Probation Officer _____

The above instructions and conditions have been read and explained, and I hereby accept these conditions, agreeing to abide by them.

ATTORNEY _____ *Phyllis J. Logsdon (CC 99-1623)*
*Jack Smith (CC 99-653)*

Probationer sign here _____

Address of Probationer _____

*Review Before Ordering*

## ORDER OF SUSPENDED AND / OR WORK RELEASE SENTENCE

**THE STATE OF ALABAMA**
**COUNTY OF HOUSTON**

In the _Circuit_ **Court**
Case No. _1999-1623_

In the matter of State Vs. _Willie Fedrick, Jr._ Defendant.
It appears to the Court that the above named Defendant has been adjudged guilty
of the offense of _POM I_ and has been
sentenced to _3_ ~~months~~ years in ~~county jail~~ state penitentiary.

☒ It is ORDERED, ADJUDGED AND DECREED that said sentence be suspended on this
date for a period of _3 years *_ and defendant be placed under supervision
of Houston County Community Corrections.

☐ It is ordered, that the Defendant be sentenced to the Alabama Department of Corrections
for_____ and placed under the supervision of The Houston County
Community Corrections Work Release Program for a period of_____.

It is further ordered by the Court that the Defendant pay all fines, court costs, and
restitution in the manner and at or before the time(s) enumerated on the page attached
hereto and marked "Exhibit A". Other special conditions ordered by the Court are as
follows:

① Pay 50⁰⁰ per month beginning 9/6/02
② transfer from Alabama State Probation to Community Corrections
③ cooperate with Mandatory Treatment Act.

It is the order of the Court that Defendant comply with the following general conditions:

1. Carry out all instructions of the Community Corrections Officer and the Court
   regarding the rules of this Order and participate in therapeutic programs.
2. Violate no Federal or State Law or City ordinance.
3. Conduct yourself in a reasonable and lawful manner at all times.
4. Work faithfully at suitable employment as far as possible.
5. Support your dependents to the best of your ability.
6. Not change your residence without permission of the Community Corrections
   Officer and report any changes in home phone numbers.
7. Report to your Community Corrections Officer when directed to do so.
8. Pay a supervision fee of $25.00 per month as long as the Defendant remains under
   the supervision of Houston County Corrections Officer.
9. IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL BE SUBJECT
   TO ARREST FOR VIOLATION OF ANY CONDITION OF THE SUSPENDED
   SENTENCE HEREIN GRANTED. THE COURT MAY, AT ANY TIME, FOR
   CAUSE, ORDER THE ORIGINAL SENTENCE EXECUTED, INCLUDING THE
   REMOVAL OF THE DEFENDANT FROM THE WORK RELEASE PROGRAM
   AND THE CONFINEMENT IN THE COUNTY JAIL.

It is ordered, and the order is explained and a copy of the order given to the defendant
the _22nd_ day of_ _Oct_ _, 20 _02_.

* Commencing 3/19/02

Judge _E. _____

**FILED**
**OCT 2 4 2002**

## Statement of the Case
## And Facts:

The petitioner was convicted of criminal trespass in the First degree and Possession of Marijuana in the First degree in Feb, 1999. The petitioner received a (1) one year sentence for the crime of criminal trespass First degree and three (3) years for possession of marijuana First degree, both sentences ran concurrent. The petitioner applied for Probation which was denied on March 19, 2000.... The Petitioner sentence was modify on several occassions after his Probation was denied, the petitioner stayed at liberty for almost (4) four years after sentence. The Petitioner was later placed at a work release (county) in where he remained for <u>Oct 1st</u> until <u>Nov. 24th, 2004</u>, where he was taken to the Houston County Jail until <u>Nov. 24th, 2004</u>, then transported to the State Prison (Kilby). Although there is confusion pertaining to the modification and clarification of the petitioner sentences doing the probation period, the petitioner sentence should have expired three years after he was original sentenced. The petitioner states that most of the court documents or not in its original form and they are forged and illegal. (No Stenographic Recordings).

1.

## [ Issues For Review ]

The petitioner was convicted and sentence on <u>March 19, 2000</u>, for the crimes of criminal trespass in the first degree and marijuana first degree to a total of three years both sentences to run concurrent. The Petitioner applied for probation which was denied on <u>March, 19th 2000</u>. The petitioner original sentence was modified and the petitioner was ordered to serve bits and pieces of that sentence at work release. etc. The petitioner was also at liberty under the courts order for almost 4 yrs.

(A) The petitioner states that when he was denied probation in <u>March 19th, 2000</u>, his original three (3) year sentence was in effect and any modification should be apart of the record and at no time did the court had authority to add additional time to the Petitioners probation period that exceeded the original three year sentence.

(B) The petitioner had never been formally charged with any probation violation report.

(C) The petitioner sentenced has expired and he is being held in violation of the laws and treaties against the United States Constitution.

According to the Alabama judicial Data Center of Houston County Transcript of Record Conviction Report, the Petitioner was sentenced on February 15, 2000. Therefore, his sentence of three years should have expired on February 15, 2003. However, the petitioner was arrested on Nov. 24th, 2004. and taken to jail on the same charge in which had expired and again sentenced on that charge on November 24, 2004 some (5) years later.

(D) There is nothing in the record that the petitioners probation or sentenced was modified or clarified during his probation period or after he was sentenced.

(E) There are no deliquent reports prepared and filed by the petitioners probation officer and no statement of Facts.

(Memorandum Note) The petitioner remained at liberty from March 19, 2000 until September 2004, after the period of probation.

(F) Poole v. State (No. CR-99-1200) So.2d, 2001 Ala. Crim. App. Lexis 173 (Ala. Crim. App. 2001). The Court did not give the petitioner a revocation hearing and is due process under the 14th Amendment of the Constitution. See Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

3.

Rule 27.2 A.R. Crim. P. States: Modification and clarification of conditions and regulations:

The sentencing court, with or without a hearing may modify or clarify any conditions or regulation imposed by it and any instructions issued by a probation officer. A probation officer may modify or clarify any instructions which the officer has issued. A probationer or probation officer, at anytime prior to absolute discharge, may request the sentencing court to modify or clarify any condition or regulation. The sentencing court may, where appropriate, hold a hearing on such request. A written copy of any order of modification or clarification shall be given to the probationer, following which the probationer shall have (10) ten days to request a hearing on said order of modification or clarification. In providing a method for the modification and clarification of probation conditions, the rule protects the probationer from arbitrary or unsupported changes by giving the probationer the right to request an explanation of standards which the court expects the probationer to meet. The right in effect, balances the right for the court's to revoke or modify any condition or period of probation that has legally imposed. Reynolds v. State, 28 Ala. App. 246, 181 So 2d 797. (1938) See also: Stout v. State, 45 Ala. App. 262, 229 So 2d 37 (1969).

4.

# [ Habeas Corpus Proceedings ]

The court of criminal appeals held: that since state failed to adduce another felony judgement which would show a sentence ahead of that put in effect by revocation order, the best evidence rule had not been met, and sentence had prima facie expired. ]

Rule 27.3 Extension of Term of Probation; Termination of Probation; Order of Discharge.

(a) Extension of Term of Probation. At anytime during a term of probation, the court, for good cause shown, May extend the term of probation up to the maximum period permitted by law.

Ala. Code 1975, 15-22-54, provides for the termination, continuance, or extension of the period of probation by the court action and for the recordation of such termination.

The Court may extend the probation term but may not extend the jail term.

Rule 27.4. Initation of Revocation proceedings; securing the probationers presence; arrest.

(a) Initial of Revocation proceedings.

(1) Petition by prosecutor or probation officer.

If either the prosecutor or the probation officer responsible for supervision of the probationer has reasonable cause to believe that probationer has violated a condition or a regulation of probation or has acted contrary to the instructions issued by the probation officer, the prosecutor or the probation officer may petition the sentencing court to revoke probation.

(b) Summary Disposition: The probationer may waive the probation hearing under rule 27.6 (a) and the Judge of the sentencing court may make a final disposition of the issue if.

Rule 27.6. Revocation of Probation.
(a) Hearing. A hearing to determine whether probation shall (should) be revoked shall be held before the sentencing court within a reasonable time after the probationer's initial appearence. Rule 27.5. see (c) Admission by the probationer.

(d) The Judge must be reasonably satisfied from the evidence that a violation of the conditions or regulations of probation or the instructions occurred. Each party shall have the right to present evidence and the right to confront and to cross examine adverse witnesses who appear and testify in person.

(2) If the alleged violations involves a criminal offense for which the probationer has not yet been tried, the probationer shall be advised at the begining of the revocation hearing that, regardless of the outcome of the revocation hearing, the probationer may still be held for that offense and that any statement made by the probationer at the hearing may be used against the probationer at a subsequent proceeding or trial.

(e) Disposition. If the court finds that a violation of the conditions or regulations of probation or instructions occurred, it may revoke, modify or continue probation. Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation.

(F) Record: The Judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.

Where the record did not contain a transcript of the revocation hearing, nor did it show that defendant was given proper notice of the proceedings and a opportunity to present evidence in his own behalf, and where the record did not contain evidence to support the revocation, nor did it contained a written statement of the trial court detailing the evidence relied upon and giving the reasons for revoking probation. Burge v. State, 623 So 2d 450.

7.

[ Due process ]. Order extending probation was in error where there was no notice or specification of the charges, or opportunity to appear at a hearing and confront his accusers. Bullock v. State, 392 So 2d 848. (1980).

| Conclusion |

The petitioner hope and pray that this Honorable Court of Law grant this petition in its entirely and ordered his release. The petitioner has suffered enough abuse arbitrary and capious and ask this court to take immediately action.

Willie H. Fredrik Jr
AIS #240377 Dorm 4 Bed 31
Limestone Corr. Fac.
P.O. Box 320410
Harvest AL 36003 0410

Clerk of the United States District Court
113 Saint Joseph Street
Mobile, Alabama 36602

THIS CORRESPONDENCE IS FORWARDED FROM AN ALABAMA STATE PRISON. THE CONTENTS HAVE NOT BEEN EVALUATED AND THE AL DEPT OF CORRECTIONS IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENTS THEREIN.