IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE HENRY FEDRICK, JR., )<br>)<br>Petitioner, )<br>) <br>) CIVIL ACTION NO.<br>vs. ) 05-0419-BH-M<br>)<br>JIM CUMMINS, )<br>)<br>Respondent. ) | |

## ANSWER

Come now the Respondents and make answer to the petition as follows.

## PROCEDURAL HISTORY

1. Fedrick pleaded guilty to possession of marijuana in the first degree and to criminal trespassing. Fedrick received a three year sentence for the possession of marijuana charge and one year for the criminal trespass charge. Respondents' exhibit one at R. 10. Fedrick applied for and, according to the case action summary sheet, received three years of probation after serving six months in the county jail. Exhibit 1 at C. 2, 5. Fedrick's appeal bond was set at $5,000. Id.

2. On direct appeal, Fedrick's attorney filed and <u>Anders</u> [1] brief. Respondents' exhibit 2. The Court of Criminal Appeals affirmed. <u>Fedrick v. State</u>, CR-99-1209 (Ala. Crim. App. Oct. 20, 2000). See Respondents' exhibit 3. According to Respondents' records, the Court of Criminal Appeals issued its Certificate of Judgment on November 7, 2000.

3. On January 6, 2005, Fedrick filed a state habeas corpus petition alleging that his sentence had expired on the possession of marijuana case and he was due to be released. Respondents' exhibit 4. On January 7, 2005, the trial court denied Fedrick's petition stating that Fedrick had confused his marijuana case with some other case he had or he was making "false allegations". Exhibit 4 at C. 9.

4. Fedrick appealed the denial of his petition and the Court of Criminal Appeals affirmed the denial. <u>Fedrick v. State</u>, CR-04-1082 (Ala. Crim. App. May 13, 3005). Respondents' exhibit 7. The Court of Criminal Appeals issued its Certificate of Judgment on June 1, 2005. Respondents' exhibit 8. Fedrick did not seek review by the Supreme Court of Alabama.

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967)

2

## RESPONSE TO GROUND FOR RELIEF

5. Fedrick asserts that he is due to be released from his three year sentence for his conviction on possession of marijuana in CC-99-1623. Although Fedrick filed a state habeas corpus petition raising this ground for relief, Respondents maintain that Fedrick has not exhausted his state court remedies because the proper remedy to raise such a claim is a Rule 32, Ala. R. Crim. Pro., petition. Rule 32.1(d), states, in pertinent part, "The petitioner is being held in custody after the petitioner's sentence has expired.". Rule 32 displaces all post conviction proceedings which challenge a defendant's conviction and sentence. Rule 32.4, Ala. R. Crim. Pro.; See, Ex parte McWilliams, 812 So. 2d 318, 321(Ala. 2001); Hanna v. State, 841 So. 2d 310, 311(Ala. Crim. App. 2002). In order to fully exhaust a claim, the petitioner must present it in a procedural posture that the state court is likely to review it. Castille v. Peoples, 109 S. Ct. 1056, 1060 (1989). Such a petition would not be barred by Rule 32.2(b) or (c), Hill v. State, 695 So. 2d 1223, 1223, n. 3 (Ala. Crim. App. 1997), cert. denied, 695 So. 2d 1223 (Ala. 1997), and, thus, would be an adequate and available state court remedy which Fedrick should be required to pursue before coming to this Court. §2254(b)(1), §2254(c). Thus, it would not be futile to require Fedrick to file a Rule 32 petition raising the issue that is the basis of this petition.

3

6. Assuming, arguendo, this Court does not require Fedrick to return to state court, then the Respondents assert that Fedrick has defaulted his claim. As noted above, the issue presented in this petition was raised in Fedrick's state habeas corpus petition filed on January 6, 2005, which Judge Jackson denied on January 7, 2005 stating that Fedrick either confused CC 99-1623 with another one of Fedrick's cases or Fedrick was making "false allegations" regarding this case. Fedrick appealed to the Court of Criminal Appeals which affirmed the denial on the basis that Fedrick had not complied with state law regarding the pleading requirements for a state habeas corpus petition. Thus, the Court of Criminal Appeals refused to review the merits of Fedrick's appeal. Fedrick did not appeal the Court of Criminal Appeals' opinion the Supreme Court of Alabama. The last state court to review the claim declined to reach the merits because the petition did not comply with state law pleading requirements. Thus, Fedrick's claim for relief is procedurally defaulted and absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot reach the merits of this claim. Schlup v. Delo, 513 U.S. 298, 314-317 (1995); Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S. 107 (1982);. To show cause sufficient to excuse a procedural default, a petitioner must establish some objective factor external to the defense that impeded him or his counsel's efforts to raise the claim. Murray v. Carrier, 477

4

U.S. 478, 488 (1986). Because Fedrick can show neither cause nor prejudice, this Court cannot review his ground for relief. An additional default occurred when Fedrick did not petition the Supreme Court of Alabama to review the Court of Criminal Appeals' opinion affirming the denial of his state habeas corpus petition. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Pruitt v. Jones, 348 F.3d 1355(11th Cir. 2003)(applying O'Sullivan v. Boerckel to Rule 32 petitions).

## CONCLUSION

This Court should require Fedrick to return to state court and properly file a Rule 32 petition alleging his sentence has expired. Alternatively, this Court should hold that Fedrick has defaulted his claim and has shown neither cause or nor prejudice for the default.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/P. David Bjurberg
P. David Bjurberg (BJU001)
*Assistant Attorney General*
ID #BJU001

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>13th</u> day of September, 2005, I electronically filed the foregoing Answer and Exhibits, with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the Answer (including exhibits) to the following non-CM/ECF participants: <u>Willie Henry Fedrick, Jr., AIS #240377, Frank Lee Youth Center, P. O. Box 220410, Deatsville, AL  36022</u>.

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: DBjurberg@AGO.State.AL.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division78311/
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
219845/85017-001