IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF ALABAMA

WILLIE HENRY FEDRICK JR., )
 )
    APPELLANT, )
 )
V. ) CASE NO. CR 99-1209
 )
STATE OF ALABAMA, )
 )
    APPELLEE.

---

APPEAL FROM THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

CASE NOS. CC-99-653
and CC-99-1623
MOTION TO WITHDRAW AND SUPPORTING BRIEF

---

David K. Hogg
Attorney for Appellant
188 N. Foster St., Ste. 106
Dothan, Alabama 36303
(334) 794-8559



EXHIBIT 2

## TABLE OF CONTENTS

BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING MERITS OF APPEAL . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## BRIEF IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL

COMES NOW David K. Hogg in support of his Motion to Withdraw as counsel for Defendant on appeal and shows unto the Court the following:

### I.
### STATEMENT OF FACTS

Willie Henry Fedrick, Jr. was indicted by the May 1999 Grand Jury of Houston County in case number CC 99-653 on charges of Burglary I, C 7-8, and by the October 1999 Grand Jury in case number CC 99-1623 on charges of Possession of Marihuana I, C 9-10. The Defendant waived arraignment in both cases. C 12-13.

On August 12, 1999 the Defendant signed an Explanation of Rights and Plea of Guilty form. C 31-32. On February 15, 2000, the Defendant appeared in court with his attorneys, Phyllis Logsdon and Jack Smith, to enter a plea of guilty in both cases. R 2. The State agreed to reduce the burglary case to Criminal Trespass I. During the court's colloquy, the Defendant said he understood the range of punishment in both cases. R 4. He was 34 years old and had "twelve years of education." R 4-5. When asked if he had any mental or emotional problems in the past the Defendant said "Only drug rehab." He said this treatment did not interfere with his understanding of what he was doing. He was not under the influence of drugs or medication at the time he entered his plea. He had had enough time to advise his attorney of his version of the facts and for the attorney to advise him of his rights. R 5. His attorney had explained the rights he

1

would give up by pleading guilty, as set out on the Explanation of Rights form. He signed the form voluntarily and understood it. He understood that by pleading guilty he was giving up the right to confront witnesses against him and the right to call witnesses on his own behalf; and that by pleading guilty there would be no further trial as to his guilt or innocence. He understood that if he had a trial he would be presumed innocent, could testify if he so desired, but could not be forced to testify, and that no one could comment on his failure to testify if he chose not to. He had not been threatened or harassed him into pleading guilty. R 6. Nor had he been induced by promises of reward to plead guilty. R 7.

The State recited the facts giving rise to the Indictment in the felony marihuana case. R 7-8. On May 23, 1999 a police officer stopped a car driven by the Defendant for speeding and riding in the center of the road. As the Defendant exited the car, the officer noticed a knife in the floorboard. While recovering the knife, the officer saw a plastic bag with several smaller bags containing what appeared to be marijuana hanging from a fanny pack in the floorboard. R 7. There were six packs of marijuana which appeared to be packaged for sale. R 7-8. The substance was analyzed by the crime lab and found to be marihuana. The offense took place in Houston County, Alabama. R 8. The Defendant waived the reading of the Indictment and pleaded guilty. Id. When given the opportunity for allocution, the Defendant said "Well, Your Honor, on the –" R 8. At that point, his attorney, Mr. Smith, appeared to interrupt the Defendant and say "No, sir." Mr. Fedrick then said "Okay." R 9.

In the marijuana case, the State recommended that the Defendant be sentenced to three years, a $100.00 fine and a $50.00 Victim's Compensation Fund assessment; and in the criminal trespass case, it recommended 12 months hard labor, to run concurrent with the marihuana charge, a $100.00 fine, a $50.00 Victim's Compensation Fund assessment, and to schedule the issue of restitution for a later hearing. The Defendant and his attorneys said this reflected their understanding of the agreement with the State. R 9. The court sentenced the Defendant in accordance with the State's recommendation and scheduled a restitution hearing. R 9-10.

## II.

## STATEMENT REGARDING MERITS OF APPEAL

The undersigned counsel having conscientiously examined Mr. McGhee's case finds no legal grounds on which to base an appeal. The only thing in the record which might arguably support an appeal is that the Defendant might have been denied the opportunity for allocution because his attorney interrupted him when he started to speak on his own behalf. In Shelton v. State, CR-97-1313, May 28, 1999 (Ala. Cr. App. 1999), the Court stated that the defendant was entitled to allocution before imposition of sentence, and that where it did not appear of record that the defendant had been afforded such an opportunity, remand was warranted for a determination as to whether he had been afforded the right to speak in his own behalf.

3

## III

## CONCLUSION

WHEREFORE, the foregoing premises having been considered, the undersigned counsel moves this Honorable Court to grant his Motion to Withdraw, or for such other, further or different relief as he may be entitled to receive.

Respectfully submitted this the 12th day of May, 2000.

David K. Hogg
Attorney for Defendant
188 N. Foster St., Ste. 106
Dothan, Alabama 36303
(334) 794-8559

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following persons on the 12th day of May, 2000.

Honorable Bill Pryor
Attorney General
Alabama State House
11 Union Street
Montgomery, Alabama 36130

Mr. Willie Henry Fedrick, Jr.
400 Mona Drive
Dothan, AL 36303

David K. Hogg

4