# Court of Criminal Appeals
## State of Alabama

Willie Henry Fedrick Pro-se

v. State of Alabama Et. Al.

FILED
MAR 2 2 2005
CLERK
ALA COURT CRIMINAL APPEALS

Case # CR-04-1082

Case # CC-99-1623.60

Appeal from The Houston County Circuit Court

Brief And Argument

Willie Henry Fedrick Pro-se
901 E. Main St.
Dothan, Ala. 36302



EXHIBIT 5

# Table of Contents

|  | Page |
|---|---|
| Table of Authority | II. |
| Statement of Facts | 1. |
| Issue To be Reviewed | 2. |
| Issue 1 | 3. |
| Issue II | 3A. |
| Conclusion | 4. |
| Penalty of Perjury | 5. |
| Certificate of Service | 6. |

T

# Table of Authority

Page

Washington v. State, 899 So.2d 465 ...................... TR. 11
(Ala. Cr. App. 2000)

Ex Parte Floyd, 531 So.2d 705 .......................... TR. 12

Glover v. State, 531 So.2d 705
(Ala. Cr. App. 1988)

McCall v. State, .......................... 3.

Lindley v. State, 728 So.2d 1153, 1159 (Ala. 1998) ........... 3A.

Ex Parte Rice, 766 So.2d 143, 147 (Ala. 1999) ............. 3A.

II

## Statement of facts

ON February 1999 Appellant was Sentence To 3 years for Possession of Marijuana, Appellant Applied for Probation And Probation was Denied, After Appellant Probation Hearing he was taken by Sheriff to the Houston County Jail Where he was Release, Appellant Stay At Liberty for 4 years before A Misdermeanor Came up And Appellant did time, A case was Done and Appellant was brought to Houston County Jail To face County Charges not Possession of Marijuana, A writ of Habeas Corpus was filed And Denied And Thus Appeal has been brought forth because of Appellant Illegal Confinement.

Respectfully Submitted

Willie D. [signature]

1.

# Issue To be Reviewed

Page ____

1. Trial Court was Without Jurisdiction To Pass down Judgement or Sentence Appellant. . . . . . . . . 3.

2.

Issue-I. The Court Was Without Jurisdiction To Pass Judgement or Sentence Appellant.

On or About 3rd day of February, 1999 Appellant was denied Probation on a 3 year sentence, When Appellant was Taken back To The Houston County Jail, He was Released by Jail Official by Record from the Circuit Court of Houston County, Appellant The Law In The State of Alabama Provide That If An Inmate is Released To no Fault of His own Then All Time Served While Released must Apply. <u>McCall V. State</u>, Appellant Time has been Served And Therefore, The Court Lack Jurisdiction to sentence Appellant to Work Release or any other Program, The only Record The Court showed The Appellant is Contempt of Court, Appellant has been In Custody Illegally being held Since 11/23/04, This does Audit suggest Wrong with this picture and The Record Must be Reviewed In The Light Most Favorable to The Appellant, The Court Lost All Jurisdiction TO Re-Sentence Appellant To Any Term under CC-99-1603 for Possession of marijuana After this sentence has been Completed As of 2-02 The Court's Order Clearly denied Probation Therefore All Time Saved To This Conviction Has Expired by Operation of Alabama Law The Honorable Judge Jackson After Reviewing All Facts, Must also Release And Reverse his Decision In Issue And order Granting of New Sentence And Resentence Appellant White Fedrick Should have been Released from Custody After filing A Proper Claim In his Rule 32 or Writ of Habeas Corpus Petition. Appellant has been forced to serve A 6 year Sentence Instead of 3 years. This Honorable Court Must Review The Record And Grant Relief To The Appellant And Release him At once.

3.

Issue II. Conviction Obtained by a Violation of the Protection Against double Jeopardy

In This Instant Cause Appellant has been Sentence Twice for the Same Crime, Appellant is now being held After his Original Sentence been Saved, The 14th Amendment to the United States Constitution Provides That No Person Shall be Subject for The Same offense To be Twice Put in Jeopardy of Life or Limb." The Blockburger's Test Should Apply here. The double Jeopardy Clause Protect A Person not only from being Subjected To double Punishment, but also from being Put To Trial Twice for the Same offense. After The Record has been Reviewed It will Reveal That Appellant had Complete his sentence by option without, And been Sentence A Second Time on the Same Case number, This sentence must be double And Petitioner Given his Liberty As Required by law. The double Clause Also Serves To Prevent The Prosecutor from having Two bites At the Same Apple. _Lindley v. State_, 728 So.2d. 1153, 1159 (Ala. 1998) _Ex parte Rice_, 766 So.2d. 143, 147 (Ala. 1999) These Are Cause of Strict Authority of Double Jeopardy

_Willie D. [signature]_

3A.

## Conclusion

On February 2, 1999 Houston County Jail officials Release Appellant, Appellant must not be accountable for Jail officials Mistakes or Act or omission, Appellant Stay out of Trouble for the whole time being on Probation so that time must count as time served on Probation If This Honorable Court Search The Records It will show That Appellant time has been Completed And he must be Release If not Appellant will file A Civil Action And Recieved Compensation from Every One Involved That are Denying Appellant freedom In Bad faith, So the more time he serves The More Money he Collect. Appellant is being Illegally Held And must be Release And Illegal Sentence Vacated.

Respectfully Submitted

_____
William H. Tedrick

4.

## Penalty of Perjury

I Willie Henry Fredrick swear that the foregoing is true to the best of my knowledge.

_Willie H. Fredrick_
Willie Henry Fredrick
901 E. Main St.
Dothan, Alabama 36302

I certify that this is the person who name is sign above.

_Cynthia Buckman_
02-25-07
My Commission Expires

5.

## Certificate of Service

I Certify That on This 22 day of March 2005 filed A Brief In the Alabama Court of Criminal Appeals And Ask The Hon. Lane Mann to Hand Mail A Copy To The Party Listed Below And That This Brief was mailed by United States Postal Service.

_Willie H. Fredrick_

Attorney General Office
300 Dexter Avenue
Montgomery, Alabama
36130

Willie Henry Fredrick
901 E. Main Street
Dothan, Alabama
36301

6.