No. CR-04-1082

In the COURT of CRIMINAL APPEALS
of ALABAMA

♦

WILLIE HENRY FEDRICK,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

♦

On Appeal From the Circuit Court of
Houston County
(CC-99-1623,60)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

P. David Bjurberg *
*Assistant Attorney General*

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

April 13, 2005                    Counsel of Record*

EXHIBIT 6

# STATEMENT REGARDING ORAL ARGUMENT

The State of Alabama does not request oral argument.

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................i

TABLE OF CONTENTS............................................ii

TABLE OF AUTHORITIES.........................................iii

STATEMENT OF THE CASE AND FACTS..............................1

STATEMENT OF THE ISSUE.......................................2

STANDARDS OF REVIEW..........................................3

SUMMARY OF THE ARGUMENT......................................3

ARGUMENT.....................................................3

CONCLUSION...................................................5

CERTIFICATE OF SERVICE.......................................6

# TABLE OF AUTHORITIES

**Other Authorities**

Ala. Code 1975

   § 12-22-244 ............................................... 4

   § 15-21-24(2) ............................................ 3

## STATEMENT OF THE CASE AND FACTS

This is an appeal from the denial of Fedrick's state habeas corpus petition. As best the undersigned understands Fedrick's petition, he alleges that his sentence has expired and he is due to be released from the Houston County Jail, that he was removed from community work release program based on "false allegations" and he has not had a "72 hour" hearing following being arrested on an unspecified charge. (C. 4-6, 10-12)

Fedrick was convicted of criminal trespass in the first degree and possession of marijuana in the first degree. Fedrick was sentenced to three years on the marijuana conviction and to one year on the criminal trespass conviction to be served concurrently with the three-year sentence. On direct appeal, Fedrick's attorney filed an Anders v. California, 386 U.S. 738 (1967), brief. This Court affirmed. Fedrick v. State, CR-99-1209 (Ala. Crim. App. Oct. 2000).[1]

---

[1] The State would ask this Court to take judicial notice of this record.

According to the direct appeal record (hereinafter DAR), Fedrick was sentenced on February 15, 2000. DAR at R. 2-11. On March 14, 2000, Fedrick was granted probation for three years following a six-month incarceration period. DAR at C. 2. An appeal bond of $5,000 was set. DAR at C. 5. Assuming that Fedrick was released on the appeal bond, he did not start serving his sentence until after this Court entered its judgment on October 20, 2000. Ala. Code § 12-22-244 (1975). There is no indication in the record whether Fedrick was or was not revoked from probation during his probationary period.

Without requiring a response from the State, the trial court dismissed Fedrick's petition stating that either Fedrick was "confused about some other case" or he was making "false allegations". (C. 1)

### STATEMENT OF THE ISSUE

Is a remand necessary for a proper and correct determination of whether Fedrick's probationary period and or his sentence for his conviction for possession of

2

marijuana is at an end or whether Fedrick's current incarceration is another offense?

## STANDARDS OF REVIEW

Review of the denial of a state habeas corpus petition is under the abuse of discretion standard but unrefuted factual allegations are taken as true. Brooks v. State, No. 1030462, 2004 WL 1418732 (Ala. June, 25, 2004).

## SUMMARY OF THE ARGUMENT

This Court should remand this case for a determination of whether Fedrick's sentence has been fully served and if it has whether his current incarceration is due to an arrest on a new charge.

## ARGUMENT

The most serious allegation contained in Fedrick's petition is his assertion that his sentence for possession of marijuana is at an end and he is due to be released. A petition for a writ of habeas corpus is the proper remedy for judicial review of this claim. § 15-21-24(2) Ala. Code

3

1975. As noted above, Fedrick was sentenced to six months in jail followed by three years on probation. Assuming Fedrick began serving his sentence following this Court's affirmance of his guilty plea in October 2000, Ala. Code § 12-22-244 (1975), and assuming he was never revoked while on probation, and further assuming, he is not presently incarcerated awaiting trial or having been convicted for a new offense, which Fedrick's petition intimates he might be based on his allegation that he has not had a "72 hour" hearing (C. 5-6), then Fedrick's assertion that he is due to be released would appear to be correct. Given the few facts that can be gleaned from the record before this Court and the DAR, this Court should remand this case to the trial court and order the district attorney's office to file a response to the petition and, following the State's response, order the trial court to hold an evidentiary hearing, if necessary.

4

## CONCLUSION

This Court should remand this case for further proceedings.

Respectfully submitted,

Troy King
*Attorney General*
By:

P. David Bjurberg
*Assistant Attorney General*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>13th</u> day of April, 2004, I served a copy of the foregoing on Fedrick by placing the same in the United States mail, first class, postage prepaid and addressed as follows:

    Willie Henry Fedrick
    901 E. Main Street
    Dothan, Alabama 36302

                              P. David Bjurberg
                              Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
197467/BJURBERG
78323-001

6