Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



MAY 13 2005

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1082        Houston Circuit Court CC-99-1623.60

Willie Henry Fedrick v. State of Alabama

Baschab, Judge.

The appellant filed a petition for a writ of habeas corpus alleging that he is being held in custody after his sentence has expired on a February 1999 conviction for unlawful possession of marijuana; that he is being held in the Houston County Jail for contempt of court based on his failure to pay costs, fines, and restitution and that he is "poor, has bad credit, and is unemployed" and does not own anything of value; that he was removed from work release without a due process hearing; and that he has been held in the Houston County Jail since his arrest on November 23, 2004, and that he


EXHIBIT 2

has not had a 72-hour hearing or an initial appearance.[1] (C.R. 5.) Without requiring a response from the State, the circuit court summarily denied his petition. This appeal followed.

With regard to petitions for writs of habeas corpus, §15-21-4, Ala. Code 1975, provides:

"Application for a writ of habeas corpus must be made by petition, signed either by the party himself for whose benefit it is intended or by some other person on his behalf, must be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief and must state, in substance, the name of the person on whose behalf the application is made, that he is imprisoned or restrained of his liberty in the county, the place of such imprisonment, if known, the name of the officer or person by whom he is so imprisoned and the cause or pretense of such imprisonment; and, <u>if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy.</u>"

(Emphasis added.) In this case, the appellant did not attach to his petition any documentation regarding his conviction for unlawful possession of marijuana; a copy of his inmate summary sheet; a copy of the order placing him in custody for contempt of court; a copy of the order removing him from work release; or any documentation regarding his November 23, 2004, arrest.

---

[1] On appeal, the appellant also argues that the trial court violated double jeopardy principles because he was allegedly sentenced twice for his unlawful possession of marijuana conviction. However, he did not present this specific argument to the circuit court. Therefore, it is not properly before this court. See Parker v. State, 687 So. 2d 1279 (Ala. Crim. App. 1996).

2

Also, he did not allege that he had demanded a copy of these documents and that his demands had been refused. Cf. Young v. State, 712 So. 2d 1121 (Ala. Crim. App. 1998). Moreover, the appellant's petition consisted of bare allegations that were unclear and conflicting regarding the charge for which he is presently being held in custody. Because the appellant did not comply with the requirements set forth in §15-21-4, Ala. Code 1975, the circuit court could have properly summarily denied his petition. Even though that was not the ground upon which the circuit court based its denial, if the circuit court's ruling is correct for any reason, we will affirm its judgment. See Roberts v. State, 516 So. 2d 936 (Ala. Crim. App. 1987). Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.